## In re LOWENTHAL'S ESTATE.

(Supreme Court, Appellate Division, Third Department.   December 28, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 65*)—FILING OF INVENTORY—PROCEED-
    ING TO COMPEL—PARTIES.
        Under Code Civ. Proc. § 2716, providing for the institution by a cred-
    itor of or person interested in an estate of a proceeding to compel the
    executrix to file an inventory, the application cannot be in the name
    of one who is merely the attorney of a creditor, but must, in form, be
    made by the creditor, though in certain cases the attorney may verify
    it, because of the creditor's absence from the state.
        [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. § 314;  Dec. Dig. § 65.*]

2. EXECUTORS AND ADMINISTRATORS (§ 65*)—INVENTORY—ORDER FOR FILING.
        An order that the executrix file an inventory should not be made,
    where her affidavit that there is no estate is uncontradicted.
        [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. § 314;  Dec. Dig. § 65.*]

        Houghton, J., dissenting.

Appeal from Surrogate's Court, Warren County.

In the matter of the estate of Joseph S. Lowenthal, deceased. From
an order that she cause an appraisal of the personal estate of deceased,
and file an inventory of said estate, within 20 days, Elizabeth Lowen-
thal, individually and as executrix of deceased, appeals.   Reversed,
and motion denied.

Argued before SMITH, P. J., and KELLOGG, SEWELL,
HOUGHTON, and BETTS, JJ.

Chambers & Finn (Walter A. Chambers, of counsel), for appellant.
Charles R. Patterson, for respondent.

SMITH, P. J.   [1] This proceeding to compel the executrix to file
an inventory was started upon the petition of Charles R. Patterson,
who was not a creditor of the estate and was in no way interested
therein, except as the attorney or agent of certain creditors.   By sec-
tion 2716 of the Code of Civil Procedure it is provided that such a
proceeding may be instituted by a creditor or person interested in the
estate.   There is no provision that it may be instituted by an agent
of such creditor, and to come within the provisions of the Code the
application must be in form made by the creditor, although in certain
cases the attorney has authority to verify the petition, by reason of
the absence of the creditor from the state.

[2] But the proof here is to the effect that there is no estate of
the deceased.   This is sworn to distinctly by the executrix.   It is dif-
ficult to see how it is possible for her to cause an appraisal of an
estate that does not exist, or to make an inventory where there is
nothing to inventory.   Upon her affidavit, which stands here uncon-
tradicted, the inventory would contain blank schedules only, and the
law never requires useless things to be done.   If she is concealing
property, the Code has provided proceedings by which that may be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

investigated. And, further, if such be the case, she is guilty of perjury in swearing to her affidavit, and may be prosecuted therefor.

The order should be reversed, with $10 costs and disbursements against the petitioner, and the motion denied, without costs.

Order reversed, with $10 costs and disbursements, and motion denied, without costs.

SEWELL, J., concurs. KELLOGG and BETTS, JJ., concur in result.

HOUGHTON, J. (dissenting). I think the petition was properly made by the attorney in behalf of the creditors which he represented. There is no dispute that the parties named in the petition were creditors, or that the attorney had authority to act for them. The fact that the executrix made an affidavit that there was no property to inventory did not prevent the surrogate from requiring her to make an inventory setting forth that fact. The filing of an inventory is one of the steps provided by statute in the administration of an estate. If the executrix shall exhibit no property to the appraisers, they can certify to that fact, and she can verify their statement.

I think the order was right, and should be affirmed.